UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MORRIS W. REED, SR. | CIVIL ACTION |
| VERSUS | NO: 07-8398 |
| TRAVELERS INSURANCE COMPANY ET AL | SECTION: J(2) |

## ORDER AND REASONS

Before the Court is Defendant Standard Fire Insurance Company's ("Standard") **Motion for Summary Judgment** (Rec. Doc. 15), seeking dismissal of Plaintiff's claims for additional compensation under a Standard Flood Insurance Policy ("SFIP") issued by Standard in its capacity as a Write-Your-Own ("WYO") carrier under the National Flood Insurance Plan ("NFIP"). Plaintiff opposes the motion. Having reviewed the motion, the memoranda of counsel, and applicable law, the Court finds that Standard's motion should be granted for the reasons that follow.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Standard issued an SFIP to "Tamouche Enterprises, Inc." ("Tarmouche") as the named insured, insuring the property located at 1238-38 ½ N. Broad Street and 1240-40 ½ North Broad Street in New Orleans. The policy was in effect from February 4, 2005 to February 4, 2006 and provided $115,000 in building coverage with a $1,000 deductible.

After Hurricane Katrina, the property at 1238-38 ½ allegedly

suffered a flood loss. However, Standard's independent adjuster performed an initial inspection indicating that there was no compensable damage caused by flood. As a result, Standard issued a letter to the insured indicating that there was no covered loss.

The parties' main dispute arises from the handling of Plaintiff's claim under the SFIP, which ultimately resulted in the filing of Plaintiff's suit in the Civil District Court for the Parish of Orleans on August 29, 2007 (Rec. Doc. 1-1). The suit was removed to this Court on November 9, 2007.

**THE PARTIES' ARGUMENTS**

Standard's main argument[1] in support of its motion for summary judgment is that *no signed and sworn proof of loss was ever submitted by Plaintiff or any other entity* for the alleged losses in this case. Importantly, Standard notes that not only was there no proof of loss filed within the year-long extension of the SFIP proof of loss requirement provided by the Federal Insurance Administrator after Katrina, but there has *never been any* proof of loss filed in this case. Standard supports this argument with the sworn Declaration of Scott Holmes that no proof

---

[1] The Court notes Standard's secondary argument that Plaintiff's claims should be dismissed on summary judgment because Plaintiff Morris W. Reed, Sr. is not the named insured under the policy. However, given the Court's disposition of this case on the proof of loss issue, this secondary argument is moot.

of loss was ever filed by Plaintiff or any other person for the losses at issue in this case. As a result, and because the SFIP must be strictly construed, Standard argues that it is entitled to summary judgment based on the lack of a satisfactory proof of loss in this case.

In opposition, Plaintiff includes as exhibits to his opposition two letters from Standard regarding settlement meetings between himself and Standard to attempt a resolution of the claims in this case. Plaintiff argues that these letters are "probative of the fact that a 'proof of loss . . .' had been filed with [Standard or Standard's authorized agent]."[2] Thus, Plaintiff argues that the letters create an issue that precludes summary judgment as to the alleged lack of a proof of loss.

## DISCUSSION

A. **Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477

---

[2] Plaintiff's Opposition continues to refer to the insured defendant in this case as Travelers Insurance Company, despite the fact Standard has been identified as the proper insurer defendant in this case.

U.S. 317, 323 (1986). If that burden is met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

**B.    Proof of Loss Requirement and the SFIP**

Under FEMA regulations, strict adherence is required to all terms of the SFIP.  44 C.F.R. §§ 61.13(a), (d), (e).  The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing ... (1) "the actual cash value ... of each damaged item of insured property ... and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss...." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3).  Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir.1998).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a proof of loss prior to receiving insurance proceeds. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. If the insured disagreed with the adjuster's report, a Proof of Loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss

4

within one year from the date of the loss ... The insurer
will then process the policyholder's proof of loss in its
normal fashion. If the insurer rejects the proof of loss
in whole or in part, the policyholder may file a lawsuit
against the insurer within one year of the date of the
written denial of all or part of the claim.

Id.

The requirements for submitting a proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

    a. The date and time of loss;

    b. A brief explanation of how the loss happened;

    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

    d. Details of any other insurance that may cover the loss;

    e. Changes in title or occupancy of the covered property during the term of the policy;

    f. Specifications of damaged buildings and detailed repair estimates;

    g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

    h. Details about who occupied any insured building at the time of the loss and for what purpose; and

    I. The inventory of damaged personal property described in J.3. above.

As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim. Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir.1998).

In Gowland, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy." Id. at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy. Id. As a result, the court affirmed the grant of the insurer's motion for summary judgment.

Most recently, the Fifth Circuit in Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Co. similarly held that because the plaintiff in that case failed to submit a sworn proof of loss within one year of the date of the loss, the suit was precluded as a matter of law. 542 F.3d 1053, 1056 (5th Cir. 2008).

In the case at bar, Plaintiff has not disputed that he did not timely submit a signed and sworn proof of loss, which is a condition precedent to this suit. While Plaintiff points to the two settlement letters as "probative" of the fact that a formal proof of loss may have been filed, this does not present a

6

material issue of fact in light of Standard's unequivocal evidence that no such proof of loss has been filed. Plaintiff has not filed a copy of a formal proof of loss in his opposition, nor has he positively stated that he made a formal proof of loss. See Bijou v. Fidelity Nat. Property and Cas. Section M. Ins. Co., 2008 WL 4889330, *1 (E.D. La. Nov. 12, 2008) (granting WYO carrier's motion for summary judgment for lack of satisfactory proof of loss under the NFIP, despite plaintiff's claim that a FEMA form proof of loss was sufficient). As a result, Plaintiff has not affirmatively alleged strict compliance with the proof of loss requirement under the NFIP, and as such he cannot maintain this suit against Standard. Any position to the contrary is clearly mistaken based on federal statutory law, the Administrator's waiver, and Fifth Circuit jurisprudence. Accordingly,

**IT IS ORDERED** that Standard's **Motion for Summary Judgment** (Rec. Doc. 15), is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that all claims of Plaintiff against Standard are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 20th day of February, 2009.

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE